**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IDALMIS MANCILLA-COELLO,**

**Plaintiff,**

-vs-                                                    **Case No.  6:07-cv-1446-Orl-19UAM**

**DONNA L. MCINTOSH,**

**Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1.      Amended Complaint by Plaintiff against Donna L. McIntosh (Doc. No. 2, filed Sept. 20, 2007);

2.      Motion by Plaintiff for Amendment (Doc. No. 5, filed Oct. 5, 2007); and

3.      Motion by Defendant to Quash Service of Process Or, In the Alternative, Notice of Waiver of Service of Process and Motion for Imposition of 60 Day Deadline for Filing Responsive Pleading (Doc. No. 6, filed Oct. 18, 2007).

**Background**

Plaintiff Idalmis Mancilla-Coello filed an Amended Complaint against Defendant Judge Donna L. McIntosh on September 20, 2007.  (Doc. No. 2).  Plaintiff styles her Amended Complaint as an "amic curae" on behalf of her son, Arturo Hernandez, who has been incarcerated at the Seminole County Jail.  (*Id.* at p. 2).

The Complaint requests seven forms of relief: (1) an order revoking a state court order that was allegedly produced in violation of a confidentiality agreement; (2) an order revoking a state

court order that required full disclosure to the state of Hernandez's psychiatric evaluation; (3) an order striking any reference in the state court proceedings to the above mentioned evaluation; (4) an order removing Defendant as the presiding judge on Hernandez's case; (5) an order appointing a new acting judge in Hernandez's case; (6) compensation for all litigation expenses in this case; and (7) $100,000 for extreme hardship and intentionally inflicted pain.  (Doc. No. 2, pp. 2-4).

On October 5, 2007, Plaintiff moved to amend her Amended Complaint by adding two additional grounds of relief.  (Doc. No. 5).  Plaintiff's "Motion for Amendment" states that she is "introducing the following amendments to this civil action by adding to the relief sought the following requests."  (*Id.* at p. 1).  Plaintiff then lists two additional requests for relief: (1) an order that Defendant's orders in Hernandez's case were unlawful; and (2) an order declaring a mistrial in Hernandez's case.  (*Id.* at pp. 1-2).

On October 18, 2007, Defendant moved to quash service of process.  (Doc. No. 6).  Defendant contends that the Amended Complaint was hand delivered in an envelope by an unknown person to another judge on Defendant's court.[1]  (*Id.* at pp. 2).  The envelope did not contain a summons.  (*Id.*) Defendant argues that this method of service violates Federal Rule of Civil Procedure 4.  (*Id.* at pp. 2-4).  Plaintiff did not respond to Defendant's motion to quash.[2]

---

[1] Plaintiff did not serve the original Complaint.

[2] Plaintiff has not filed an Memorandum in Opposition to Defendant's Motion as allowed by Local Rule 3.01(b).  Failure to oppose a dispositive motion raises an inference that the party does not object to such motion.  *See*, *e.g.*, *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

## Analysis

### I.    Abstention

The separation of powers between the states and the federal government require federal district courts to abstain from considering certain claims for relief against the state judiciary. *Younger v. Harris*, 401 U.S. 37, 43-49 (1971); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974); *Pompey v. Broward County*, 95 F.3d 1543, 1546-51 (11th Cir. 1996).  Specifically, "the principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding."  *Pompey*, 95 F.3d at 1547 (quoting *O'Shea*, 414 U.S. at 499)(internal quotations omitted).   The issue of abstention is a threshold matter that should be resolved before proceeding to the merits of a claim.  *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005); *Belloti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (determining that abstention may be raised by the court *sua sponte*).

In her first five requests for relief, Plaintiff asks the Court to review ongoing proceedings in her son's state court criminal prosecution.  (Doc. No. 2, pp. 2-4).  However, under the principles articulated in *Younger* and *O'Shea*, this Court cannot act as an interlocutory appellate tribunal for the Seminole County Court.  "Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings." *Pompey*, 95 F.3d at 1550.  This principle applies even when the plaintiff alleges

violations of the federal constitution.[3]  *Id.*  To the extent Plaintiff wishes have state court orders reviewed, she must first turn to the appellate courts of Florida.  *Id.*

Accordingly, the Court must abstain from considering Plaintiff's first five requests for relief. (Doc. No. 1, pp. 2-4).[4]

## II.     Standing

Similar to the issue of abstention, the Court must determine whether Plaintiff has standing to bring suit before proceeding to the merits of her claim.  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 984-85 (11th Cir. 1990).  To show standing, Plaintiff must satisfy a two-part framework.  *Hadley*, 901 F.2d at 984.  First, Plaintiff must satisfy the constitutional requirements of standing by demonstrating that (1) she suffered an actual injury, (2) the injury is traceable to Defendant's unlawful conduct, and (3) the requested relief will redress Plaintiff's injury.  *Id.*  Second, Plaintiff must overcome any applicable "prudential" considerations which discourage the court from considering cases involving (1) the assertion of a third party's rights, (2) allegations of generalized grievances rather than a injury particular to the litigant, and (3) the assertion of an injury outside the zone of interests of a statute or constitutional provision.  *Id.* at 984-85.

---

[3] The *Younger* rule against enjoining state court criminal proceedings is subject to three very narrow exceptions.  *Younger*, 401 U.S. at 53-54.  First, the district courts may enjoin a "bad faith" state court prosecution where the purpose of prosecution is for harassment and not a conviction. *Id.*; *see also Dumbrowski v. Pfister*, 380 U.S. 479, 488-90 (1965).  Second, the district courts may enjoin a prosecution for violation of a "flagrantly and patently" unconstitutional state law.  *Younger*, 401 U.S. at 53-54.  Finally, the district courts may enjoin a state court prosecution when an adequate state forum is unavailable.  *Id.*  In this case, Plaintiff has not pled "extraordinary" facts that fall into any of these three narrow exceptions. *See Kugler v. Helfant*, 421 U.S. 117, 124-24 (1975).

[4] Notably, both additional requests for relief in Plaintiff's "Motion for Amendment" also appear to be barred by the abstention doctrine.

As a practical matter, federal courts generally will not find standing where a party is asserting a third-party's rights. *Hadley*, 901 F.2d at 985. In such cases, the plaintiff must demonstrate why the injured person is unable to bring a suit on his own behalf. *See*, *e.g.*, *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004); *Barrows v. Jackson*, 346 U.S. 249, 258 (1953). In this case, Plaintiff alleges that Defendant caused injuries to Plaintiff's son by acting improperly in her role as a judge. (Doc. No. 2, pp. 2-4). Plaintiff states that she is bringing this suit on behalf of her son because he is currently imprisoned. (*Id.* at p. 2).

The fact that Hernandez is incarcerated does not, alone, confer third party standing on Plaintiff to bring a suit on his behalf. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). Indeed, a third party may in some circumstances act as the "next of friend" of a prisoner and sue on the prisoner's behalf. *Id.* However, the third party must first give "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, the next of friend must "be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." *Id.*

As Hernandez's mother, Plaintiff may be dedicated to best interests of her son. However, Plaintiff has not demonstrated that her son is unable to bring a suit on his own behalf. She must first make this allegation, supported with specific facts, before this Court can address the merits of her claims.

## III.    Improper Service

Federal Rule of Civil Procedure 4 requires a plaintiff to serve each defendant with a summons and a copy of the complaint within 120 days of the time the complaint was filed. Fed. R. Civ. P. 4(c), (m) (2006). Service under Rule 4 must be effectuated through one of the following methods: (1) by

serving the defendant pursuant to the law of the state in which the district court is located or in which service is effected; (2) by delivering a copy of the summons and complaint to the individual personally; (3) by leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion; or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).  If service is challenged, the plaintiff bears the burden of proving the validity of service. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)[5]; *Lasky v. Lansford*, 76 Fed. Appx. 240, 241 (10th Cir. 2003).

Plaintiff failed to respond to Defendant's motion to quash and therefore has done nothing to prove the validity of service.  According to Defendant's motion, an unknown person hand delivered an envelope to a third party at Defendant's place of employment.  (Doc. No. 6, p. 2).  The envelope contained a complaint but not a summons.  (*Id.*)  This method of service does not comply with any of the specific methods authorized by the Federal Rules of Civil Procedure or any acceptable method under Florida law.  *See* Fed. R. Civ. P. 4; Fla. R. Civ. P. 1.070 (2007).  Plaintiff has therefore failed to effect proper service, and Defendant's motion to quash must be granted.[6]

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] Plaintiff's claims against Defendant for monetary damages also implicate the doctrine of absolute "judicial immunity." *Mordkofsky v. Calabresi*, 159 Fed. Appx. 938, 939 (11th Cir. 2005). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Id.* (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).  Judicial immunity is an affirmative defense that must be raised by the defendant.  *Id.*  However, Plaintiff should be aware that the facts in the Amended Complaint appear to fall squarely within the scope of the defense.  *See id.*

**IV.    Plaintiff's Motion for Amendment**

Plaintiff filed a motion for amendment which seeks to introduce two additional requests for relief.  She did not file the amended pleading in its entirety.  Local Rule 4.01 requires amended pleadings to be filed in their entirety with amendments incorporated therein.  Plaintiff's "Motion for Amendment" violates Rule 4.01 because it introduces two new amendments but does not contain the entirety of Plaintiff's allegations.  Moreover, Plaintiff has already amended her Complaint once, and she must therefore request leave of this Court to amend a second time.  Fed. R. Civ. P. 15(a).  Plaintiff's *pro se* status does not exempt her from these procedural requirements.  *See e.g.*, *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**Conclusion**

Based on the foregoing:

1.    The Amended Complaint of Plaintiff against Donna L. McIntosh (Doc. No. 2, filed Sept. 20, 2007) is **DISMISSED** without prejudice;

2.    The Motion by Plaintiff for Amendment (Doc. No. 5, filed Oct. 5, 2007) is **DENIED** without prejudice;

3.    The Motion by Defendant to Quash Service of Process Or, In the Alternative, Notice of Waiver of Service of Process and Motion for Imposition of 60 Day Deadline for Filing Responsive Pleading (Doc. No. 6, filed Oct. 18, 2007) is **GRANTED**, and the service of process on Defendant is quashed.

Plaintiff has ten (10) days from the date of this Order to file a second Amended Complaint that complies with this Order.  It is further **ORDERED** that Plaintiff must cause service of process to occur on Defendant within 120 days from the date of the filing of Plaintiff's original Complaint

on September 10, 2007, in a manner that complies with Federal Rule of Civil Procedure 4.  Failure

to comply with this Order will result in dismissal of this case with prejudice and without further

notice.

      **DONE** and **ORDERED** in Chambers in Orlando, Florida on November 16, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party